**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Carlos Henrique Rodrigues,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-02234-RP-SH** |
| | § | |
| **Todd Blanche,** ***Attorney General of the United States, et al.,*** ***Defendants*** | § | |
| | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Carlos Henrique Rodrigues' Petition for Writ of Mandamus under 28 U.S.C. § 1361 and for Relief under the Administrative Procedure Act 5 U.S.C. §§ 555(b), 701 et seq. (Dkt. 1), Application to Proceed In Forma Pauperis (Dkt. 2), and Notice of Designated Address for Receipt of Court Correspondence (Dkt. 4), all filed August 13, 2026.[1]

## I. *In Forma Pauperis* Status

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security thereof" if he shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant can pay the filing fee without suffering undue financial hardship. *Id.*

---

[1] Judge Pitman referred this case to this Magistrate Judge for disposition of the Application and Notice and a recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Court Docket Management Standing Order for United States District Judge Robert Pitman (Dkt. 4), and the Text Order entered August 17, 2026.

After reviewing his application, the Court finds that Rodrigues cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** him *in forma pauperis* status. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Rodrigues at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Notice of Designated Address

Plaintiff seeks to designate a mailing address different from the detention facility where he is currently in immigration custody. Dkt. 4. He asks the Court to send correspondence to Moriah Immigration Center Corp, a nonprofit corporation. Under Local Rule CV-10(d), an unrepresented party can change their mailing address. The Court **GRANTS** Rodrigues' request and **ORDERS** that future correspondence be sent to Carlos Henrique Rodrigues, A# 240-130-680, c/o Moriah Immigration Center Corp., 4327 S Hwy 27, PMB 651, Clermont, FL 34711.

## III. Section 1915(e)(2) Frivolousness Review

Because Rodrigues has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Petition under § 1915(e)(2). A court shall dismiss a complaint filed *in forma pauperis* if the court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, the Court must "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to state a claim under § 1915(e)(2)(B) "when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Iqbal*, 55 U.S. at 678). Rodrigues is proceeding *pro se*. Courts "liberally construe *pro se* complaints and hold them to less stringent standards than formal pleadings drafted by lawyers." *Davis v. Warren*, 173 F.4th 566, 571 (5th Cir. 2026) (citation omitted).

Rodrigues seeks to compel the United States Citizenship and Immigration Services ("USCIS") to issue a receipt – a Form I-797C Notice of Action – for his Application for T Nonimmigrant Status ("T-Visa Application"). Dkt. 1 ¶ 1. He alleges the following: USCIS received his T-Visa Application on September 30, 2025, but "the filing has effectively vanished from USCIS records." Dkt. 1 ¶ 13. Issuing a receipt of filing is a ministerial act, not discretionary, and "USCIS's own posted processing times contemplate receipts issuing within days or weeks, not months" of filing. *Id.* ¶ 23. USCIS has unreasonably delayed issuance of his receipt because more than 300 days have passed since he filed his T-Visa Application. *Id.* ¶ 28. He is currently held in immigration custody, and his release depends "in significant part on demonstrating the pending status of the [T-Visa Application]." *Id.* ¶ 18. USCIS's delay is preventing meaningful review of his continued immigration detention. *Id.* ¶ 32.

Rodrigues brings claims for relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(1) and 555(b); the Due Process Clause of the Fifth Amendment; the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201. Dkt. ¶¶ 25-34. The Court finds that Rodrigues has alleged sufficient facts in support of his APA and due process claims and recommends that they not be dismissed for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

Under the Mandamus Act, federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The writ is available if a plaintiff shows: (1) he has a clear right to the relief, (2) the defendant has a clear duty to perform the act in question, and (3) "no other adequate remedy is available." *Sun v. Jaddou*, 724 F. Supp. 3d 660, 667 (W.D. Tex. 2024) (quoting *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002)). "Mandamus is a cause of action of last resort." *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008). In cases alleging immigration agency delays, the APA provides a remedy for delayed action. *Id.* For that reason, Rodrigues cannot show that no other adequate remedy is available, and the Court finds that he has not stated a plausible claim for mandamus relief. This Magistrate Judge recommends that his claim under the Mandamus Act be dismissed under § 1915(e)(2).

The Declaratory Judgment Act is a procedural statute that provides remedies to litigants but creates no independent private right of action. *Harris Cnty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015). Because Rodrigues cannot bring a standalone claim under the Act, this Magistrate Judge recommends that Judge Pitman dismiss this claim and construe it as theory of recovery.

## IV. Order

The Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 2) and **ORDERS** Plaintiff's Petition to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** the Clerk to issue summons and the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court also **GRANTS** Plaintiff's Notice of Designated Address for Receipt of Court Correspondence (Dkt. 4).

## V. Recommendation

This Magistrate Judge **RECOMMENDS** that Judge Pitman **DISMISS with prejudice** Rodrigues' claims under the Mandamus Act and the Declaratory Judgment Act under 28 U.S.C. § 1915(e)(2). If Judge Pitman accepts this recommendation, his APA and Due Process claims will remain.

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 19, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE